UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TIMOTHY J. HEARD, JR., : | |
| Petitioner, : | Civil Action No. 14-5014 (MAS) |
| v. : | **MEMORANDUM AND ORDER** |
| STEPHEN D'ILIO, et al., : | |
| Respondents. : | |

*Pro se* Petitioner Timothy J. Heard, Jr., a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO241 (modified).

In addition, Petitioner submitted his § 2254 habeas petition without an application to proceed *in forma pauperis* ("IFP") or the requisite $5.00 filing fee as required under 28 U.S.C. § 1914(a). To proceed as an indigent in this matter, Petitioner must file an IFP application that includes his prison account statement for the past six months, as well as an account certification from an authorized official at New Jersey State Prison, pursuant to Local Civil Rule 81.2(b).

THEREFORE, it is on this 10th day of September, 2014;

1

ORDERED that the Clerk of the Court shall administratively terminate this case at this time; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey 08608, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; and it is further

ORDERED that the Clerk of the Court shall supply to Petitioner a blank form Application to Proceed *In Forma Pauperis* in a Habeas Corpus Case (DNJ-PRO-SE-007-B.pdf), for use by a prisoner; and it is further

ORDERED that Petitioner also shall be given 30 days from the date of entry of this Order to remit either the requisite $5.00 filing fee for habeas petitions, pursuant to Local Civil Rule

54.3, or a complete *in forma pauperis* application, including a certification of Petitioner's institutional account, as required by Local Civil Rule 81.2(b); and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, with a complete, signed habeas petition on the appropriate form, and either a complete *in forma pauperis* application or the requisite $5.00 filing fee, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum Order upon Petitioner by regular U.S. mail.

                                                                                     */s/ Michael A. Shipp*
                                                                                MICHAEL A. SHIPP
                                                                                United States District Judge